**Francis L. BURGER, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 91–935.**

United States Court of Veterans Appeals.

July 8, 1993.

Timothy J. Kelleher, Arlington, VA, was on the brief, for appellant.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and William S. Mailander, Washington, DC, were on the brief, for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Judges.

MANKIN, Judge:

Appellant appeals a February 4, 1991, decision of the Board of Veterans' Appeals (BVA or Board) which denied service connection for post-traumatic stress disorder (PTSD) and for residuals of frostbite or trench foot. The Court has jurisdiction over the case pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

## I.  BACKGROUND

Appellant had active service from October 1941 to September 1945. During service, his plane was shot down over German enemy territory and he was imprisoned for seven months in a prisoner of war (POW) camp. Appellant claims that during his confinement he had infections of the toes and feet and had his toenails removed as a result of frostbite. He also claims that he suffers PTSD as a result of his POW experience. R. at 2.

Appellant was treated in October 1941 for a mild skin infection of undetermined origin of the toes. R. at 5, 11. Service medical records do not reveal any evidence of a psychiatric disorder or frostbite of the feet. Appellant's separation examination report also reflects normal findings. R. at 1–2. The record contains a "buddy letter" from a fellow POW who recalled that during confinement appellant had an infected foot which had not been medically treated. R. at 32. Appellant's initial application for Veterans' Administration (now Department of Veterans Affairs) (VA) compensation or pension that was received in October 1945 contains no complaints of a psychiatric disorder or residuals of frozen feet. During a VA examination in July 1947, appellant complained of nervousness, but no findings were then made of a psychiatric disability or frozen feet. R. at 35–42. A February 1983 VA medical report noted a history of stomach problems and peptic ulcer disease. Appellant denied feelings of depression. The examining physician found "no significant nervous or emotional problems." R. at 47–48. There were no complaints or findings of residuals of frozen feet. Appellant received a mental status examination at a VA facility in September 1983. He denied symptoms of depression or anxiety disorder, with the exception of occasional irritability or edginess. The examining physician diagnosed "probable PTSD, acute resolved." R. at 49.

Service connection for PTSD was denied by rating decision in October 1983. R. at 65–66. In March 1989, appellant reopened his claim for PTSD and initiated a claim for residuals of frostbite of the feet. R. at 67–76. He submitted VA outpatient treatment records from 1988 and 1989 which show that he attended group therapy sessions for ex-POWs and which contain several diagnoses of PTSD. R. at 80, 86, 92, 96. In April 1989, appellant was examined at a VA facility. His feet were found to be normal, except for a few discolored toenails. R. at 98. When asked to describe his current mental and emotional state, appellant stated that he felt depressed at times; however, he emphasized that he is able to "pull [himself] out of it." R. at 101.

Appellant also stated that he is nervous and anxious "occasionally, a couple of times a month, about health problems." He stated that he had nightmares a couple of times a week immediately after leaving service, but that in the last several years, they had occurred only once or twice a month. Appellant denied experiencing flashbacks. There was no clinical indication of organic brain dysfunction, and PTSD was not diagnosed. R. at 97–105.

Appellant's claim for service connection for PTSD and frostbite or trench foot residuals, among other claimed disabilities, was denied by rating decision dated November 6, 1989. R. at 107. Appellant filed a Notice of Disagreement on December 7, 1989. R. at 108. In a subsequent 1–9 Appeal form, appellant's service representative identified the issues on appeal as service connection for residuals of frostbite or trench foot, peptic ulcer, and PTSD. Appellant presented sworn testimony in support of his claims at a personal hearing. Appellant testified that he had frostbite of the feet during service, but that he had no current skin changes or abnormalities. R. at 121. He also stated that he experienced occasional flashbacks. R. at 124. The hearing officer granted service connection for a duodenal ulcer, but denied service connection for PTSD and for frostbite or trench foot residuals. R. at 132. Appellant appealed the decision to the BVA, which issued the decision now on appeal before the Court. R. at 137.

## II. ANALYSIS

### A.

█ The BVA, as fact finder, is required to weigh and analyze all the evidence of record. Decisions of the Board shall be based on the entire record and upon consideration of all of the evidence and applicable provisions of law and regulation. 38 U.S.C.A. § 7104 (West 1991). *See also* 38 C.F.R. § 3.303(a) (1992). The BVA's task also includes determining the credibility of the evidence. *Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991) (determining the credibility of evidence is a func-

tion for the BVA, not the Court of Veterans Appeals); *Ohland v. Derwinski*, 1 Vet. App. 147, 149 (1991).

■ In the instant case, the BVA denied service connection for PTSD, finding that "the evidence does not show the presence of [PTSD]." *Francis L. Burger*, BVA 91–03537, at 4 (Feb. 4, 1991). While recognizing that reports of out-patient group therapy indicate findings of PTSD, the Board gave greater weight to the medical diagnoses from the February 1983 psychiatric examination (finding no significant nervous or emotional problems) and from the September 1983 psychiatric examination (noting "probable [PTSD], acute, resolved"). The Board also relied upon the most recent VA examination of April 1989 in which the veteran denied flashbacks and preoccupation with his wartime experiences.

■ Where a claim has "significant evidence" supporting service connection, the Board is required to explain its reasons for not affording an appellant the benefit of the doubt under 38 U.S.C.A. § 5107(b) (West 1991); *Williams v. Brown*, 4 Vet. App. 270, 273–74 (1993); *see also* 38 U.S.C.A. § 7104(d) (West 1991); *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990). In its decision, the BVA laid out clearly the evidence supporting its findings as well as the evidence in favor of appellant's claim, and articulated its reasoning as required under the reasons or bases requirement of 38 U.S.C.A. § 7104(d)(1) (West 1991), stating:

> The formal psychiatric examination reports are in much greater detail, including statements of histories and mental status findings, than the clinical impressions resulting from outpatient therapy sessions.

*Burger*, BVA 91–03537, at 4. The reports from group therapy sessions are not in accordance with 38 C.F.R. § 4.126 and DSM–III–R (DIAGNOSTIC AND STATISTICAL REPORT OF MENTAL DISORDERS) which require supportive findings to substantiate a PTSD diagnosis.

■ This Court can overturn findings of fact made by the BVA only if those determinations, including findings regarding credibility, are clearly erroneous. *Jones v. Derwinski*, 1 Vet.App. 210, 217 (1991); *Gilbert*, 1 Vet.App. at 52. If the BVA's account of the evidence is plausible in light of the entire record, the Court may not reverse it. *Jones*, 1 Vet.App. at 217; *Gilbert*, 1 Vet.App. at 52. We hold that the BVA's finding that the evidence does not show the presence of PTSD is not clearly erroneous.

**B.**

■ In cases where disability compensation is claimed by a former prisoner of war (POW), 38 C.F.R. § 3.304(e) (1992) provides, in pertinent part:

> ... omission of history or findings from clinical records made upon repatriation is not determinative of service connection, particularly if evidence of comrades in support of the incurrence of the disability during confinement is available.... The circumstances attendant upon the individual veteran's confinement and the duration thereof will be associated with pertinent medical principles in determining whether disability manifested subsequent to service is etiologically related to the prisoner of war experience.

Although the BVA did not dispute appellant's assertions of harsh conditions during his confinement, the Board denied appellant's claim for frostbite residuals because there is an "absence [in the record] of any clinically identifiable disability attributable to frostbite." *Burger*, BVA 91–03537, at 5.

Entitlement to service connection for a disease or injury is restricted to cases where such incidents have resulted in a disability. *See* 38 U.S.C.A. § 1110 (West 1991). Appellant has failed to produce any evidence, medical or otherwise, that tends to show a presently existing disability arising from frozen feet. *See Brammer v. Derwinski*, 3 Vet.App. 223, 225 (1992). Service medical records show no complaints of or treatment for frostbite, and there is no evidence of any post-service disability due to residuals of frostbite. The only abnormalities of appellant's feet include a complaint of an ingrown toenail (R. at 35) and a few discolored toenails (R. at 98), and

appellant's testimony that during service he suffered a skin infection of his toes, which caused his toenails to fall out (R. at 122). During his personal hearing, appellant stated that he no longer had discoloration, that he was not currently receiving treatment for his toenails or feet, and that he did not currently experience tingling or numbness of the feet. R. at 122.

Section 1154(b) of title 38, United States Code Annotated provides that in the case of any veteran who had active service during a period of war,

> ... the Secretary shall accept as sufficient proof of service-connection of any disease or injury alleged to have been incurred in or aggravated by such service satisfactory lay or other evidence of service incurrence or aggravation of such injury or disease, if consistent with the circumstances, conditions, or hardships of such service, notwithstanding the fact that there is no official record of such incurrence or aggravation in such service, and, to that end, shall resolve every reasonable doubt in favor of the veteran. Service-connection of such injury or disease may be rebutted by clear and convincing evidence to the contrary. The reasons for granting or denying service-connection in each case shall be recorded in full.

38 U.S.C.A. § 1154(b) (West 1991); *see also* 38 C.F.R. § 3.304(d) (1992).

Appellant's testimony, the statement of a fellow POW, and the medical evidence of record do not indicate that the veteran currently has any such disability, let alone one "consistent with the circumstances, conditions, or hardships" of his POW experience. The Court holds that the Secretary has met his burden of rebutting appellant's claims by clear and convincing evidence such that the Secretary is not required to accept the evidence submitted by appellant as sufficient proof of service connection.

### C.

In February 1983, appellant had complained of "stomach upset" and wondered if his condition was caused by PTSD. R. at 44, 88. In June 1990, he was granted service connection for duodenal ulcer; at the same time, his claim for PTSD was denied. Appellant argues that his gastrointestinal disorder "must be considered part-and-parcel of his psychoneurotic disorder rather than as a separate entity." Br. at 14. If the BVA had determined that the ulcer and PTSD were likely related, the Board would have been required to order an examination to determine whether appellant's ulcer is a manifestation of a major emotional impairment. *See Culver v. Derwinski,* 3 Vet. App. 292, 298 (1992); *see also Green v. Derwinski,* 1 Vet.App. 121 (1991); *Littke v. Derwinski,* 1 Vet.App. 90 (1990). However, the Court holds that the VA did not fail to fulfill its statutory duty to assist appellant in developing his claim because the 1989 VA psychiatric examination established that appellant did not have a psychiatric disability. *See* 38 U.S.C.A. § 5107(a) (West 1991).

### III. CONCLUSION

Upon review of the record and the briefs submitted by both parties, the Court holds that the BVA has not committed legal or factual error which warrants reversal or remand. *Gilbert,* 1 Vet.App. 49; *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Moreover, the Court is satisfied that the BVA decision meets the reasons or bases and the benefit of the doubt requirements of 38 U.S.C.A. § 7104(d)(1) and 38 U.S.C.A. § 5107(b) (West 1991). Accordingly, the February 4, 1991, decision of the Board is AFFIRMED.