**John E. CROPPER, Appellant,**

**v.**

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 92–1187.

United States Court of Veterans Appeals.

May 23, 1994.

Andrew S. Penn, Upper Marlboro, MD, was on the brief, for appellant.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Adam K. Llewellyn, Washington, DC, were on the brief, for appellee.

Before MANKIN, HOLDAWAY, and IVERS, Judges.

MANKIN, Judge, filed the opinion of the Court, in which IVERS, Judge, joined. HOLDAWAY, Judge, filed a separate opinion concurring in part and dissenting in part.

MANKIN, Judge:

John E. Cropper (appellant) appeals a June 3, 1992, decision of the Board of Veterans' Appeals (Board) determining that appellant's discharge under other than honorable conditions precluded entitlement to veterans benefits. The appellant asserts the Board's determination was in error because it improperly applied the relevant law. Specifically, the appellant avers the Board did not properly apply relevant statutes and regulations regarding the impact of insanity upon characterization of discharge and subsequent entitlement to veterans benefits. While the Board did not fail to properly apply the relevant laws and regulations regarding insanity and characterization of discharge, it did, however, fail to discuss relevant evidence of record.

## I. Factual Background

The appellant served in the United States Navy from March 1, 1984, to January 17, 1986. During service, the appellant received four nonjudicial punishments resulting from marijuana use, an absence without leave, drunk and disorderly conduct, and failure to go to appointed place of duty. Consequently, the appellant was discharged with an other than honorable discharge "by reason of misconduct" showing a pattern of "frequent involvement of a discreditable nature with civil or military authorities."

In November and December 1986, the appellant set six fires in Ocean City, Maryland. He was subsequently arrested, and tried on six counts of arson. During trial, the appellant presented three psychiatric experts who testified that appellant suffered from pyromania. In a plea arrangement with the prosecution, the appellant was found not criminally responsible for the six counts of arson, and was committed to Maryland's Perkins Hospital for the treatment of the criminally insane.

When first admitted to the Perkins Hospital, the appellant underwent extensive psychiatric and psychological testing. A report of the tests concluded that the appellant "has a long history of impulsive, antisocial behavior. [The appellant] does not appear to have any sense of responsibility for many of [his criminal] actions." The conclusions drawn by the testing reported that the appellant "has other past episodes of antisocial activities often fueled by substance abuse. His discharge from the Navy ... [was] temporally related to his abuse of alcohol.... Be-

cause of his condition of pyromania, substance abuse, and antisocial personality structure, I believe this man would continue to be dangerous if released."

The appellant applied for veterans benefits in September 1988. Based upon the other than honorable discharge, the VA denied the appellant's claim except for health care benefits. The appellant appealed this finding to the Board, which also found that the appellant's discharge precluded entitlement to veterans benefits. The Board considered the appellant's claim that he was insane when each of the incidents leading to his discharge occurred. However, the Board concluded, relying upon the lack of any evidence of insanity in the appellant's service medical files, that appellant's discharge under other than honorable circumstances precluded eligibility for all veterans benefits except health care benefits. This appeal followed.

## II. Analysis

### A. Willful and Persistent Misconduct

■ The appellant concedes that his discharge was characterized as under other than honorable circumstances. The appellant contends, however, that the Board erred in finding that his conduct constituted willful and persistent misconduct. In order to qualify for VA benefits, a claimant must demonstrate that he, she, or the party upon whose service the claimant predicates the claim was a "veteran." *Aguilar v. Derwinski*, 2 Vet. App. 21 (1991); *see also, e.g.*, 38 U.S.C. § 1110 (entitlement to wartime disability compensation predicated upon status as disabled veteran). A "veteran" is any "person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2). Thus, a claimant must establish as a threshold matter that he was discharged under conditions other than dishonorable. *Id.*

■ The statute and regulations direct that certain offenses act as a bar to entitlement to veterans benefits. 38 U.S.C. § 5303; 38 C.F.R. § 3.12 (1993). Among those offenses is a discharge under other than honorable (OTH) conditions issued because of willful and persistent misconduct. 38 C.F.R. § 3.12(d)(4). In determining whether a

claimant's discharge was the result of willful and persistent misconduct, the Board must find that the claimant's conduct was not a minor offense, and consider whether the claimant's service was "otherwise honest, faithful, and meritorious." *Id.* An OTH discharge found to be the result of willful and persistent misconduct will be considered to have been issued under dishonorable conditions, 38 C.F.R. § 3.12(d)(4), and will render a claimant ineligible for veterans benefits. 38 U.S.C. § 101(2).

■ In the present case, the Board found as a matter of fact that the appellant could not be classified as a veteran because his OTH discharge was issued under dishonorable conditions due to willful and persistent misconduct, and that he did not fall within the exemption for a "discharge because of a minor offense" provided by 38 C.F.R. § 3.12(d)(4). The appellant asserts that this finding is in error. The Court reviews such assertions of error in fact finding under the "clearly erroneous" standard. *Rogers v. Derwinski*, 2 Vet.App. 419, 421 (1992). In *Gilbert v. Derwinski*, 1 Vet.App. 49, 53 (1990), we stated the role of this Court is not to make findings of fact, but to ascertain whether the findings made by the Board evidence clear error. The Board's findings constitute clear error only where they are not supported by a plausible basis in the record. *Id.*

The Board found, and the record reveals, that the appellant received nonjudicial punishment for unlawful possession and use of marijuana, absence without leave for several hours, drunk and disorderly conduct, and failure to go to appointed place of duty. The record also demonstrates that the incidents which resulted in the nonjudicial punishments took place over a period of slightly more than one year. Finally, the Board found, and the record illustrates, that the incidents for which the appellant received punishment—drug use, unauthorized absence, drunk and disorderly conduct, and failure to go to appointed place of duty—were the types of offenses that would interfere with appellant's military duties, indeed preclude their performance, and thus could

not constitute a minor offense. We hold that the Board's determination that the appellant's OTH discharge was issued under dishonorable circumstances because of willful and persistent misconduct is supported by the record findings of four violations, all of which occurred in a relatively short period of time, and that the offenses were of the type that prevented the proper performance of the appellant's military duties. Accordingly, we hold that the Board's decision is supported by a plausible basis in the record.

### B. Insanity Defense

■ The appellant next asserts that he was insane at the time of the offenses causing his discharge. He charges that the Board failed to apply properly the insanity regulation, 38 C.F.R. 3.12(b), and thereby erred in finding that his behavior was willful. Furthermore, the appellant avers that the Board did not consider all the evidence of record in making its finding that he was not insane.

■ Both the statute and the regulations direct that a claimant who was insane at the time he committed the acts leading to his discharge retains eligibility for veterans benefits. The statute states that "if it is established to the satisfaction of the Secretary that, at the time of the commission of an offense leading to a person's ... discharge, ... that person was insane, such person shall not be precluded from [veterans] benefits ... based upon the period of service from which such person was separated." 38 U.S.C. § 5303(b). The implementing regulations state the standard to be applied by the Secretary to determine if the claimant's evidence of insanity is satisfactory:

> An insane person is one who, while not mentally defective or constitutionally psychopathic, except when a psychosis has been engrafted upon such basic condition, exhibits due to disease, a more or less prolonged deviation from his normal method of behavior; or who interferes with the peace of society; or who has so departed (become antisocial) from the accepted standards of the community to which by birth and education he belongs as to lack the adaptability to make further adjustment to

the social customs of the community in which he resides.

38 C.F.R. § 3.354 (1993).

■ Thus, the statute sets out the authority for allowing veterans benefits where a party has received an OTH discharge but has been adjudged insane, and the regulations simply define the term "insanity." It is the VA ADJUDICATION PROCEDURE MANUAL, Part IV, §§ 11.01, 11.04, 11.05 (Apr. 3, 1992) and Part VI, § 4.10 (Sept. 21, 1992) [hereinafter M21-1], which sets out the application of the insanity defense and the application of the definition of insanity. The M21-1 Manual defines insanity as "whether, at the time of commission of the act(s), the veteran was laboring under such a defect of reason, from disease or mental deficiency, as not to know or understand the nature or consequence of the act(s) or that what he or she was doing was wrong." M21-1 Part VI, § 4.10(c); *see also* M21-1 Part IV, § 11.10(d)(2)(a)-(b) (Apr. 3, 1992) (for purposes of considering factors in wrongful and intentional killing cases, it defines insanity as a condition when, "at the time of commission of the act, the party accused was laboring under such a defect of reason, from disease of mind or mental deficiency, that he or she did not know the nature and consequence of the act or ... [i]f known, that the claimant did not perceive the act as wrong"). We find this provision to be consistent with both the statute and the regulation because it serves to limit the use of the insanity defense to those situations where the acts leading to the discharge were the result of insanity. Thus, the M21-1 Manual provision allows the insanity defense only where it should be most properly applied. That is, the defense may not be used where a claimant has received an OTH discharge due to acts of misconduct over which he ultimately had control but failed, in fact, to control. Conversely, the defense may be used properly where the claimant has received a dishonorable discharge due to some "defect of reason, from disease or mental deficiency," which is beyond his control.

The statute, regulation, and M21-1, then, require that the insanity must be such that it legally excuses the acts of misconduct. In short, there must be a causal connection

between the insanity and the misconduct. In assessing the appellant's claim, the Board concluded "[s]ince service [the appellant] has been diagnosed as having pyromania and an antisocial personality disorder, but, even if those conditions existed during service, it is not demonstrated that they resulted in any diminished capacity to refrain from the behavior for which [the appellant] received non-judicial punishments in service."

■ Whether the Secretary or Board has properly interpreted a law or regulations is a matter which this Court reviews de novo. *See Hunt v. Derwinski*, 1 Vet.App. 292, 293 (1991). Accordingly, the prior determination is accorded no deference. *Id.* The Court holds that the Board did not improperly interpret the relevant statute, regulation, and M21–1 provision in requiring a causal nexus between the acts leading to discharge and insanity. Indeed, we hold that such a causal nexus is required to demonstrate that a claimant's OTH discharge should not act as a bar to the grant of veterans benefits. Therefore, we find that the appellant's contention that the Board improperly interpreted the statute, regulations, and M21–1 provision governing insanity is without merit.

■ Finally, the appellant contends that the Board did not consider all the evidence of record in making its finding that he was not insane. In addressing the evidence of record regarding the appellant's claim, the Board stated:

> No psychiatric disorder was found at the time of his separation examination in January 1986. Since service he has been diagnosed as having pyromania and an antisocial personality disorder, but even if those conditions existed during service, it is not demonstrated that they resulted in any diminished capacity to refrain from the behavior for which he received nonjudicial punishments in service.

However, the appellant submitted a psychiatric report, dated November 12, 1987, which stated that he "has a long history of impulsive, antisocial behavior. [The appellant] does not appear to have any sense of responsibility for many of [his criminal] actions," and that the appellant "has other past episodes of antisocial activities often fueled by substance abuse. His discharge from the Navy ... [was] temporally related to his abuse of alcohol...." The Board did not discuss this evidence.

■ The Board is ultimately responsible for weighing the probative value of evidence, *Rogers*, 2 Vet.App. at 421–22, and this evidence tends to provide support for the appellant's contention that he was insane during service and that that insanity was the cause of the actions leading to his OTH discharge under dishonorable conditions, yet the Board did not address it. We have held that the Board's decisions must include a clear statement of the Board's reasons or bases for its decision in order to allow the claimant to understand why the Board made the determination it did, and to allow effective judicial review of that decision. *Gilbert*, 1 Vet.App. at 56–57. In order to satisfy the reasons or bases requirement, the Board's decision must contain "clear analysis and succinct but complete explanations. A bare conclusory statement, without both supporting analysis and explanation, is neither helpful to the veteran, nor 'clear enough to permit effective judicial review,' nor in compliance with [the] statutory requirements [of 38 U.S.C. § 5104]." *Id.* Furthermore, the Board is required to address all evidence of record, and "account for the evidence which it finds to be persuasive or unpersuasive." *Id.; see also* 38 U.S.C. § 7104; 38 C.F.R. § 3.303(a) (1993); *Burger v. Brown*, 5 Vet. App. 340, 343 (1993); *Smith v. Derwinski*, 1 Vet.App. 235, 237 (1991).

We hold that the Board summarily concluded that there was no medical support for the appellant's contention that he was insane, and failed to address the probative value of the appellant's psychiatric examination conducted when he was committed to the Perkins Hospital. Therefore, the Board has failed to make its decision based on all evidence of record, as required by 38 U.S.C. § 7104, failed to assess the credibility of the evidence, *Smith*, 1 Vet.App. at 237, and failed to provide adequate reasons or bases for its determination, *Gilbert*, 1 Vet.App. at 56–57. Thus, the Board must fulfill these responsibilities and consider and assess the probative value of the psychiatric report presented by

the appellant on remand. Accordingly, the Board's determination as to this issue will be vacated, and the matter remanded for readjudication consistent with this opinion.

### III. Conclusion

Upon consideration of the record, the appellant's brief, and the motion of the Secretary for summary affirmance, the Secretary's motion is denied, and the decision of the Board of Veterans' Appeals is AFFIRMED in part and VACATED and REMANDED in part.

HOLDAWAY, Judge, concurring in part and dissenting in part:

I concur except for that portion of the opinion remanding for assessment of the post-service psychiatric report. In the absence of any plausible expert evidence that opines that the offenses committed in the service were a product of the alleged mental condition (and thus would have been a defense to those crimes at the military disciplinary proceedings), then the failure to consider such evidence would be, at the most, harmless error. Insofar as I know, one who has pyromania cannot successfully assert such a condition as a defense to the offenses of drunk and disorderly conduct, use of a controlled substance, and absence without leave.