Charlie WASHINGTON, Appellant,

v.

Hershel W. GOBER, Acting Secretary
of Veterans Affairs, Appellee.

No. 96–111.

United States Court of Veterans Appeals.

Sept. 2, 1997.

James W. Stanley, Jr., Little Rock, AR,
was on the brief for appellant.

Mary Lou Keener, General Counsel; Ron
Garvin, Assistant General Counsel; Adrienne
Koerber, Deputy Assistant General Counsel;
and Anthony F. Vergnetti, Washington, DC,
were on the brief for appellee.

Before FARLEY, HOLDAWAY, and
STEINBERG, Judges.

HOLDAWAY, Judge:

The appellant, Charlie Washington, ap-
peals a January 29, 1996, decision of the
Board of Veterans' Appeals (BVA or Board)
that denied entitlement to an effective date
earlier than April 20, 1989, for an award of
service connection for schizophrenia. The
Court has jurisdiction over the case under 38
U.S.C. § 7252(a). For the reasons that fol-
low, the Court will affirm the decision of the
Board.

## I. FACTS

The appellant served on active duty from
February 2, 1968, to March 5, 1970, when he
received an undesirable discharge. This dis-
charge was a consequence of the appellant's
application for a discharge in order to avoid a
court martial that could have adjudged a

punitive discharge. In a rating decision on July 14, 1970, the VA regional office (VARO) determined that the evidence did not show that the appellant was insane at the time he committed the offenses which affected his discharge. In an administrative decision dated July 20, 1970, the VARO determined that the character of the appellant's discharge barred him from receiving VA benefits. *See* 38 U.S.C. § 101(2); 38 C.F.R. § 3.12 (1996); *Cropper v. Brown,* 6 Vet.App. 450 (1994).

The appellant's discharge was upgraded under the Department of Defense Special Discharge Review Program on May 16, 1977, to "under honorable conditions"; however, the Army Discharge Review Board refused to affirm the upgraded discharge. VARO decisions continued to find that the appellant's discharge barred him from receiving VA benefits. *See* 38 C.F.R. § 3.12(h). In a July 1981 decision and in a June 1982 reconsideration decision, the BVA also found that the character of the appellant's discharge barred him from receiving VA benefits. In July 1984, the Army Board for the Correction of Military Records upgraded his discharge to under honorable conditions. Later that month, a VARO adjudication officer determined that the appellant was eligible for VA benefits because of that upgrade.

The appellant subsequently filed claims with VA, but they were denied by the VARO. On March 30, 1987, the BVA denied service connection for an acquired psychiatric disorder because an extensive VA evaluation in 1985 had concluded that the appellant was not schizophrenic and that his correct diagnosis was personality disorder. The appellant continued to pursue his claims, undergoing several psychiatric examinations, submitting statements and hospital records, and appearing with witnesses at a hearing. On April 1, 1993, the Board granted the appellant service connection for schizophrenia, finding that it was manifested to a compensable degree within one year after his discharge from active service. The VARO awarded a 100% disability rating and assigned an effective date of April 20, 1989, the date he had applied to reopen his claim.

The appellant appealed that effective date, contending before the Board that he should be awarded retroactive benefits based on clear and unmistakable error (CUE). *See* 38 C.F.R. § 3.105(a) (1996). In the decision here on appeal, the Board determined that the VARO decision in July 1970 did not contain CUE because it was consistent with the evidence then of record. The Board also determined that a CUE claim was not available for a collateral attack on the 1980 VARO decision or the Board's 1981 decision which had subsumed it. *See Smith (William) v. Brown,* 35 F.3d 1516 (Fed.Cir.1994). In addition, the Board determined that the criteria for an effective date prior to April 20, 1989, the date when the appellant had applied to reopen his claim for service connection for schizophrenia, was not met because the grant of service connection was not based on the change in the character of his discharge from service but on a review of all the medical evidence at that time.

## II. ANALYSIS

The general statutory framework for setting an effective date of an award is contained in 38 U.S.C. § 5110. Subsection (a) provides:

> (a) Unless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after a final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

*See* 38 C.F.R. § 3.400 (1996). There is a separate subsection for claims based on the correction of military records. Subsection (i) provides:

> (i) Whenever any disallowed claim is reopened and thereafter allowed on the basis of new and material evidence resulting from the correction of the military records of the proper service department under section 1552 of title 10, or the change, correction, or modification of a discharge or dismissal under section 1553 of title 10, or from other corrective action by competent authority, the effective date of commencement of the benefits so awarded

shall be the date on which an application was filed for correction of the military record or for the change, modification, or correction of a discharge or dismissal, as the case may be, or the date such disallowed claim was filed, whichever date is the later, but in no event shall such award of benefits be retroactive for more than one year from the date of reopening of such disallowed claim.

The implementing regulation, 38 C.F.R. § 3.400(g), provides:

(g) Where entitlement is established because of the correction, change or modification of a military record, or of a discharge or dismissal, by a Board established under 10 U.S.C. §§ 1552 or 1553, or because of other corrective action by competent military naval, or air authority, the award will be effective from the latest of these dates:

(1) Date application for change, correction, or modification was filed with the service department, in either an original or a disallowed claim;

(2) Date of receipt of claim if claim was disallowed; or

(3) One year prior to date of reopening of disallowed claim.

■ The appellant argues that he is entitled to an earlier effective date based on the 1984 upgrade of his discharge and that the BVA erred in refusing to apply 38 C.F.R. § 3.400(g). The Court disagrees. The Board's grant of service connection in 1993, following the appellant's 1989 reopening, was not based on the 1984 upgrade of the appellant's discharge, but rested on newly presented medical evidence that he had diagnoses of schizophrenia and that he had exhibited psychotic manifestations within a year after his discharge from active duty. In a previous decision dated March 30, 1987, which also was subsequent to the 1984 upgrade of the appellant's discharge, the Board denied service connection for schizophrenia because the evidence then of record showed that the appellant had a personality disorder, rather than a chronic acquired psychiatric disorder. The Court finds that 38 U.S.C. § 5110(i) and 38 C.F.R. § 3.400(g) do not provide any benefit to the appellant because the Board's

grant of service connection rested on medical evidence submitted many years after the character of his discharge was changed and not because of that change. As noted above, the change in the character of his discharge was of record at the time of the Board's 1987 denial. The fact that the appellant had previously submitted claim applications, which had been denied, is not relevant to the assignment of an effective date based on his current application. *See* 38 U.S.C. § 5110; *Wright v. Gober*, 10 Vet.App. 343, 346 (1997). Unless an exception provides otherwise, and in this case none does, an award of VA benefits may not have an effective date earlier than the date VA received the particular application for which the benefits were granted. *See* 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400; *Wright, supra.*

■ The appellant has argued in the alternative that he should receive an earlier effective date because past VA decisions contain CUE. *See* 38 C.F.R. § 3.105(a). This Court's review over claims of CUE is limited to determining whether a BVA decision was arbitrary or capricious in finding that there was no CUE in a particular VARO adjudication. *See Russell v. Principi*, 3 Vet.App. 310, 315 (1992) (en banc). "CUE is a very specific and rare kind of 'error.' It is the kind of error, of fact or of law, that when called to the attention of later reviewers *compels* the conclusion, to which reasonable minds could not differ, that the result would have been *manifestly* different but for the error." *Fugo v. Brown*, 6 Vet.App. 40, 43 (1993).

Before the Board, the appellant made allegations that several VARO and Board decisions contained CUE. Before the Court, the appellant's claim of CUE rests solely upon his assertion that VA failed to issue a Statement of the Case (SOC) in response to the Notice of Disagreement (NOD) he purportedly filed in January 1971. He also avers that as a result, the initial VARO decision that denied his claim in July 1970 never became final. This Court finds clear evidence that the document described by the appellant is not an NOD to a July 1970 VARO decision. The document is dated January 8, 1970, which is six months before the

July VARO decision with which the appellant claims it expresses disagreement, and it refers to treatment records from March 1970 and March 1973. In his brief, the Secretary suggests that the document was most likely presented in 1979 or 1980 in connection with the appellant's subsequent claims. After a review of the record, the Court concludes that the VARO decision in July 1970 became final. In any event, the failure to issue an SOC in this case does not satisfy the stringent standards for a CUE claim because the correction of such error would not have "manifestly changed the outcome." *Russell*, 3 Vet.App. at 313–14. Until the appellant's discharge was upgraded, any claim for disability compensation was absolutely barred by the character of his discharge. *See* 38 U.S.C. §§ 101(2), 1110; 38 C.F.R. § 3.12; *Cropper, supra.* To raise a valid CUE claim, the appellant, before even getting to the merits of such a claim, would have to establish by "clear and unmistakable" evidence his eligibility for VA benefits in 1970. He could do this only by showing that he had been honorably discharged at the time of the 1970 claim, that evidence extant in 1970 established clearly and unmistakably that he was insane at the time he committed the offenses leading to his discharge under other than honorable conditions, or that his discharge under other than honorable conditions had been upgraded as provided for in 38 C.F.R. § 3.12. *See* 38 C.F.R. 3.105(a); *Struck v. Brown*, 9 Vet.App. 145 (1996). This he has not done.

In the decision on appeal, the Board found that "the July 1970 rating decision was consistent with the evidence of record at that time." The Board's decision that the appellant has not shown CUE was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. *See* 38 U.S.C. § 7261(a)(3)(A); *Russell*, 3 Vet.App. at 315.

### III.   CONCLUSION

For the foregoing reasons and after consideration of the record on appeal and the parties' pleadings, the January 29, 1996, decision of the Board that found that the appellant is not entitled to an effective date prior to April 20, 1989, for the award of service connection for schizophrenia is AFFIRMED.