﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190214-3538
DATE: September 30, 2019

ORDER

Entitlement to service connection for low back condition is denied. 

FINDING OF FACT

Competent medical evidence demonstrates that the appellant’s current back disability was not incurred or aggravated during active service.

CONCLUSION OF LAW

The criteria for service connection for low back condition have not been met. 38 U.S.C. §§ 101, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.306. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in November 2016. In August 2018, the appellant elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. §§ 19.2(d)).

The appellant had service in the Army National Guard with a period of active duty for training (ACDUTRA) from May 22, 2006 to October 30, 2006. The appellant selected the Higher-Level Review lane when he opted in to the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the November 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The appellant timely appealed this rating decision to the Board and requested a direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ). 

In the November 2018 AMA decision, the AOJ found new and relevant evidence was submitted to warrant readjudicating the claim. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c)). Moreover, as additional service department records were received in January 2016, the appeal is entitled to de novo consideration. 38 C.F.R. § 3.156(c).

SERVICE CONNECTION 

Service connection may be granted for a disability resulting from disease or injury incurred in or aggravated by active military, naval, or air service. As a threshold matter, veteran status must be established as a condition of eligibility for service connection benefits. Bowers v. Shinseki, 26 Vet. App. 201, 206 (2013)(citing Cropper v. Brown, 6 Vet. App. 450, 452 (1994)); see also 38 U.S.C. §§ 1110, 1131.

The term “veteran” is defined as a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable. 38 U.S.C. § 101(2). The term “active military, naval, or air service” includes active duty, any reserve or national guard service periods of ACDUTRA during which the individual concerned was disabled from a disease or injury incurred or aggravated in the line of duty, and any period of INACDUTRA during which the individual concerned was disabled from an injury incurred or aggravated in the line of duty. 38 U.S.C. § 101(24); 38 C.F.R. § 3.6(a). 

Reserve and National Guard service generally means ACDUTRA and INACDUTRA. ACDUTRA is full time duty for training purposes performed by Reservists and National Guardsmen pursuant to 32 U.S.C. §§ 316, 502, 503, 504, or 505. 38 U.S.C. § 101 (22); 38 C.F.R. § 3.6 (c). Basically, this refers to the two weeks of annual training. It can also refer to the Reservist’s or Guardsman’s initial period of training.

INACDUTRA includes duty, other than full-time duty, performed for training purposes by Reservists and National Guardsmen pursuant to 32 U.S.C. §§ 316, 502, 503, 504, or 505. 38 U.S.C. § 101 (23); 38 C.F.R. § 3.6 (d). Basically, this refers to the twelve four-hour weekend drills that each Reservist or National Guardsman must perform each year.

Thus, in order for the appellant in this case to establish veteran status and eligibility for service connection with respect to his period of ACDUTRA from May 2006 to October 2006, the record must establish that the appellant was disabled from a disease or injury incurred or aggravated in the line of duty during that period. To establish veteran status and eligibility for service connection with respect to his period of INACDTURA in February 2007, the record must establish that the appellant was disabled from an injury incurred or aggravated in the line of duty during that period. See 38 U.S.C. § 101 (24); Mercado-Martinez v. West, 11 Vet. App. 415, 419 (1998); Paulson v. Brown, 7 Vet. App. 466, 470 (1995); Biggins v. Derwinski, 1 Vet. App. 474, 478 (1991). 

Unless a claimant has established status as a veteran, certain legal presumptions, such as the presumption of soundness or presumption of aggravation, are not applicable. Paulson v. Brown, 7 Vet. App. 466, 470 (1995).

Service connection means that a veteran has a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Entitlement to service connection requires evidence of three elements: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship or nexus between the current disability and the disease or injury incurred or aggravated during active service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). 

“Aggravated in the line of duty” as used in 38 U.S.C. § 101(24) means that in order for a claimant to establish his or her status as a “veteran” under 38 U.S.C. § 101(24)(B), he must demonstrate that he experienced a permanent increase in disability beyond the natural progress of that disease or injury during the period of ACDUTRA. The claimant has the burden to establish both elements set forth above (that the preexisting disability worsened in service and that such worsening was beyond the natural progression of the disease). There is no shifting burden as there is when the presumptions of soundness and aggravation apply. The standard of proof remains the “benefit of the doubt” standard under 38 U.S.C. § 5107; 38 C.F.R. § 3.102.

Entitlement to service connection for low back condition 

The appellant contends he injured his back during military drill in February 2007. He asserts that he had no prior back pain and felt a sharp stabbing sensation in his low back when he stepped out of a truck. 

The AOJ found medical evidence shows a diagnosed disability of lumbar degenerative disc disease.

As a preliminary matter, the Board observes that the appellant has not yet achieve ‘veteran status.’ Personnel records, including his Form DD 214, reflect ACDUTRA service from May 2006 to October 2006 and additional periods of INACDUTRA.

The question for the Board is whether the appellant’s current back disability was incurred in or aggravated in the line of duty. That is, whether he incurred a back disability during ACDUTRA in 2006; or, whether a preexisting back injury worsened (beyond the natural progression of the disease) during inactive drill service in February 2007. 

The Board concludes that while the appellant has a current diagnoses including right paralumbar spasm and lumbar degenerative disc disease, and reports an injury during drill service in February 2007, the preponderance of the evidence weighs against finding that his current disabilities were incurred in or aggravated during the line of duty. 

Service treatment records indicate the appellant was admitted to a hospital in February 2007 for an emergency evaluation for back pain. The appellant made additional visits to the hospital in both March and May 2007 for low back pain. During that time, the appellant also visited private physicians, who noted that he had lumbar disc bulge. In March 2007, a magnetic resonance imaging (MRI) of the lumbar spine was performed. The MRI showed disc desiccation which was chronic, not acute, a small disc bulge and mild neural foraminal narrowing at L5-S1 without herniation or impingement. 

Shortly after the February 2007 injury, it was initially determined that the injury had occurred in the line of duty (LOD). Two years later, the military performed an LOD investigation. During the investigation, the appellant admitted that he had back spasms on one occasion and a possible back muscle pull in 1998. 

A September 2009 memorandum from a state surgeon to the Joint Forces Headquarters, Army and Air Force, shows the appellant’s MRI showed longstanding mild degenerative disc disease at L5-S1 and that it was in no way related to “recently stepping into a hole.” The state surgeon determined that this injury was not incurred in LOD and was pre-existing. 

The appellant submitted an opinion from a private clinician, Dr. A., on his behalf in October 2009. Dr. A. indicated that the findings of disc desiccation at the L5-S1 level were likely pre-existing. He noted further that the disc bulges may have been acute. Dr. A. indicated that it is difficult to determine the etiology of this finding with certainty, but since he had no history of the appellant having any significant issues with pain symptoms prior to this occurred, it is reasonable to assume that the bulging discs likely occurred at the time of the accident. He further opined that it appears any pre-existing degenerative changes were well-compensated physiologically until the event triggered the pain symptoms.

In a November 2009 memorandum, a medical opinion was rendered by the National Guard Bureau (NGB) surgeon. The NGB surgeon concurred with the state surgeon’s finding that the appellant’s back condition was related to a pre-existing injury. The NGB surgeon determined that the preponderance of the medical evidence indicates the appellant presented for drill with pre-existing back pain, and because he did not inform the COC of his pre-existing injury, he was not excused from this drill service and also received treatment for this pre-existing injury. The NGB surgeon further determined that the MRI reports show no evidence of a new injury, only chronic longstanding changes which are very mild; there is no evidence of injury on X-rays or MRI.

In November 2009 and March 2010 Line of Duty Determination memoranda, the NGB determined the preponderance of the evidence showed the appellant’s back disability was preexisting before he arrived for drill [in February 2007]. The MRI showed no evidence of a new injury or evidence of acute injury on X-ray or MRI. The back injury was not found to have been incurred during LOD.

The appellant underwent a VA examination in September 2014 in connection with his appeal. The examiner conducted an interview with the appellant, reviewed the evidence contained within the claim folder, and conducted a physical examination. The examiner opined that the appellant’s current low back conditions were less likely than not incurred in or caused by the claimed in-service injury, event or injury. The examiner further opined that the appellant’s condition clearly and unmistakably existed prior to service and clearly and unmistakably was not aggravated beyond its natural progression by an in-service event, injury or illness. 

In support of his finding, the examiner explained that the natural progression of back disease is for a periodic flare up of back pain to occur, and for the pain to become more severe and more frequent over time. The examiner found this natural progression to “clearly be the case” for the appellant. The examiner explained that there was no finding of radiating pain at his February 2007 emergency evaluated and the first evidence of radiating pain was in October 2007. The MRI one month after the injury showed disc desiccation which would be chronic not acute, and a small diffuse disc bulge at L5-S1 without herniation or impingement. the finding of a small disc bulge without any neurologic findings at the February 2007 emergency department evaluation strongly suggests that the disc bulge pre-existed the acute injury. Further, the lack of neurologic symptoms acutely at the February 24, 2007, emergency evaluation is consistent with the evaluation of the magnetic resonance image showing no evidence of a new injury, only longstanding changes which are very mild. The examiner also explained that although many lay people assume that a disc bulge is always the cause of back pain, there are numerous studies showing that MRI with disc bulge is not a cause for back pain per se. The VA examiner also reviewed and discussed the favorable opinion that was provided by Dr. A.

In a September 2016 opinion, D.T., PA-C noted that a recent MRI showed L5-S1 central disc bulging and mild bilateral foraminal encroachment. He stated, due to his limited knowledge of the appellant’s pre-existing back pain, these findings could be contributing to his chronic low back pain and possibly related to the February 2007 injury.

After careful review of the evidence, the Board finds service connection is not warranted for a back disability.

Service treatment records do not establish a back injury or disease was incurred during the appellant’s ACDUTRA service in 2006. The preponderance of the evidence also does not establish that the appellant became disabled from an injury incurred or aggravated during in the line of duty, and specifically during inactive drill service in February 2007. The Board finds the in-service NGB findings of a pre-existing back injury not incurred during line of duty, to be highly persuasive. This determination was made following an investigation and a review of relevant medical findings by competent medical professionals. The September 2014 VA medical opinion - the appellant did not incur a current back disability from an injury during drill service in February 2007 and, that he had a pre-existing back condition which was not aggravated (worsened beyond the natural progression of the disease) during such drill service - is also highly persuasive given the examiner’s thorough review of the file and because his opinion is supported by cogent rationale and relevant literature. 

The Board has considered the favorable opinion from D.T., PA-C but finds it is less probative as there is no indication that D.T., PA-C reviewed the medical evidence of record, including contemporaneous service records, to assist in forming his understanding of the appellant’s clinical history. Further, his opinion was speculative in nature and not supported by an adequate rationale. See Obert v. Brown, 5 Vet. App. 30 (1993); see also Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

The Board also reviewed the lay statements offered by the appellant, his wife, and fellow service members. These lay assertions are not competent on the question of whether the appellant has a back condition that was either incurred in or aggravated during the line of duty. Such a determination falls outside the realm of common knowledge of a lay person as it is a complex medical question that requires medical training and knowledge, which none of the aforementioned individuals is shown to possess. See Jandreau v. Nicholson, 492 F. 3d 1372 (Fed. Cir. 2007). Consequently, the Board places little weight on these statements and gives more probative weight to the competent and persuasive medical opinions from the NGB surgeon, state surgeon, and 2014 VA examiner.

The competent and probative evidence is against a finding that the appellant’s current back conditions were incurred in or aggravated during active military service. Therefore, service connection is not warranted. 

 

 

D. JOHNSON

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. Telamour, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § § 20.1303.