Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200508-84325
DATE: August 31, 2021

ORDER

Service connection for Meniere's disease with vertigo is denied.

FINDING OF FACT

The Veteran's Meniere's disease with vertigo was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease.

CONCLUSION OF LAW

The criteria for service connection for Meniere's disease with vertigo have not been met. 38 U.S.C. §§ 1110, 1112, 1113, 1137, 5107; 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served in the Army from October 1998 to April 1999. The Veteran then served in the Army Reserve and had periods of active duty service from April 1999 to July 2002 and March 2003 to September 2003. The record indicates that the Veteran continued to serve in the Army Reserve.

The rating decision on appeal was issued in March 2020 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies. 

Service ConnectionMeniere's Disease With Vertigo

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1131; 38 C.F.R. § 3.303(a). Service connection may be granted for any disease diagnosed after discharge when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). Service connection requires competent evidence of (1) a current disability; (2) the incurrence or aggravation of a disease or injury during service; and (3) a causal relationship between the current disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

Where a veteran served for 90 days or more of active service, service incurrence shall be presumed for certain chronic diseases, including organic diseases of the nervous system, to include Meniere's disease, if the disease manifested to a compensable degree within one year from the date of separation from active service. While the disease does not need to be diagnosed within the presumption period, it must be shown by acceptable lay or medical evidence that there were characteristic manifestations of the disease to the required degree during that time. The presumption is rebuttable by affirmative evidence to the contrary. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

"[T]o qualify for VA benefits, a claimant... [must be] a 'veteran.'" Cropper v. Brown, 6 Vet. App. 450, 452 (1994); D'Amico v. West, 209 F.3d 1322, 1327 (Fed. Cir. 2000). A "veteran" is "a person who served in the active military, naval, or air service, and who was discharged or released therefrom under conditions other than dishonorable." 38 U.S.C. § 101(2). The term "active military, naval, or air service" includes active duty, and "any period of active duty for training during which the individual concerned was disabled or died from a disease or injury incurred or aggravated in line of duty, and any period of inactive duty training during which the individual concerned was disabled or died from an injury incurred or aggravated in line of duty." 38 U.S.C. §101(24); 38 C.F.R. § 3.6(a).

Active duty for training (ACDUTRA) is defined, in part, as "full-time duty in the Armed Forces performed by Reserves for training purposes." 38 U.S.C. §101(22); 38 C.F.R. § 3.6(c). "The term 'Reserve' means a member of a reserve component of one of the Armed Forces." 38 U.S.C. § 101(26). As the disability at issue is due to disease, and not injury, periods of inactive duty training (INACDUTRA) are not applicable in this case.

Here, the Veteran asserts that she is entitled to service connection for Meniere's disease with vertigo. In an April 2021 statement, her representative asserted that her Meniere's disease began during her active service. The representative asserted that the Veteran's tinnitus, for which she is service-connected, was a symptom of Meniere's disease and, as her tinnitus began during active service, a continuity of symptoms is established, and her Meniere's disease also began during active service. Service treatment records do not show any complaints, findings, or diagnoses of Meniere's disease, or of attacks of vertigo or dizziness.

Service personnel records show that the Veteran performed Reserve duty training through November 19, 2016; from December 3, 2016 to December 12, 2016; and then from January 6, 2017.

Private treatment records show that the Veteran was seen for asymmetrical hearing loss on January 3, 2017. She was diagnosed with Meniere's disease, asymmetrical hearing loss, and tinnitus. The hearing loss was noted in her right ear. The Veteran was then seen on June 15, 2017, when she reported a history of an attack of vertigo on Thanksgiving Day that was preceded by right ear fullness and tinnitus two days earlier, both of which worsened during the attack. She reported intermittent attacks during the following week and sought an otolaryngologist in January 2017. She also reported that her hearing loss has returned to baseline but her tinnitus and pressure in the ear have persisted since the attacks. She noted that her last attack of vertigo was on January 8, 2017. She also noted a family history of vertigo but no diagnosis of Meniere's disease. She was diagnosed with Meniere's disease that was currently inactive.

A January 2020 VA examination report reflects the Veteran's history of noticing non-bothersome tinnitus in her right ear after an AT-4 (rocket launcher) was fired next to that ear in 1999. She reported that her tinnitus was present prior to the onset of her Meniere's disease but has been exacerbated by the disease. The examiner opined that the Veteran's tinnitus was caused by, or a result of, military noise exposure.

In a March 2020 medical opinion, a VA examiner concluded that the Veteran's Meniere's disease was not incurred in, or caused by, any incident of service. The examiner stated that the Veteran was seen by private physicians for Meniere's disease with vertigo in January 2017 and again in June 2017. The examiner then stated that the Veteran was not seen during a period of active service and thus the disease is not service-connected.

Initially, the Board observes that, to establish service connection for a disease based on a period of ACDUTRA, the disease must have been incurred during a line of duty. Thus, the disease must have had its onset during a period of ACDUTRA. While the record is unclear whether the Veteran's Reserve duty training near the time of onset of her Meniere's disease was ACDUTRA or INACDUTRA, as the disease did not have its onset on a day of Reserve duty training, remand to determine the status of such training is not warranted.

Given the above, the evidence of record shows that the Veteran's Meniere's disease had its onset on Thanksgiving Day. She was not performing Reserve duty training on that day. Thus, her Meniere's disease did not have its onset during a period of active service. Based on the Veteran's history, a VA examiner has also observed that her Meniere's disease did not have its onset during a period of active service. While the examiner may have based the observation on the date of treatment rather than onset of symptoms, the Board finds that any such error is not prejudicial to the Veteran. As the record stands, her Meniere's disease began on Thanksgiving Day when she was not performing Reserve duty training.

The Board notes the representative's assertion that service connection should be established based on chronicity and continuity of symptoms as the Veteran's now service-connected tinnitus had its onset during active service. Initially, the Board notes that, other than tinnitus (which has been found to be due to noise exposure), there is no lay or medical evidence of characteristic manifestations of Meniere's disease during active service, namely vertigo. Further, with no evidence of vertigo during active service, any Meniere's disease existing at that time did not manifest to a compensable degree to warrant service connection on a presumptive basis. 38 C.F.R. § 4.87, Diagnostic Code 6205 (requiring vertigo for the minimum 30 percent rating).

The Board observes that tinnitus is a known symptom of Meniere's disease. However, in this case, the Veteran's tinnitus began in 1999, over 15 years prior to the onset of her vertigo, the telltale symptom of Meniere's disease that led to the diagnosis. There is no evidence of vertigo in service and no competent evidence indicating that she had Meniere's disease since her tinnitus began in 1999. Thus, while the Board is sympathetic to the Veteran's situation, the Board cannot find that her tinnitus was an ongoing symptom of undiagnosed Meniere's disease. Moreover, even by the Veteran's own report, her tinnitus worsened two days prior to her first attack of vertigo on Thanksgiving and has persisted at that increased level since that time. Thus, the evidence indicates that her Meniere's disease was manifested by an increase in her preexisting tinnitus, not just the addition of the symptom of vertigo. As such, while the evidence indicates that her tinnitus may have been aggravated by her Meniere's disease, there is no indication that her tinnitus has been a symptom of ongoing Meniere's disease.

A lay person is competent to give evidence about observable symptoms such as tinnitus and vertigo. Layno v. Brown, 6 Vet. App. 465 (1994). A lay person is also competent to address the etiology of a disability in some limited circumstances in which nexus is obvious merely through lay observation, such as a fall leading to a broken leg. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007). In this case, however, the evidence of record does not date the onset of symptoms, namely vertigo, to a period of active service, and the questions of diagnosis and causation extend beyond an immediately observable cause-and-effect relationship. As such, neither the Veteran nor her representative is competent to address the diagnosis, onset, or etiology of a medical condition such as Meniere's disease. There is no competent evidence indicating that she has had undiagnosed Meniere's disease since the onset of her tinnitus in 1999 or at any time prior to the first attack of vertigo in November 2016.

Given the above, the Board finds that the Veteran's Meniere's disease was not shown as chronic in service and did not manifest to a compensable degree within the applicable presumptive period; continuity of symptomatology is not established; and the disability is not otherwise etiologically related to an in-service injury or disease. Accordingly, the Board concludes that service connection for Meniere's disease is not warranted. As the preponderance of the evidence is against the claim, the claim must be denied. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board J. W. Kim, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.