# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-2099

Donald R. Dennis, Appellant,

v.

R. James Nicholson,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Decided   January 31, 2007   )

*Glenn R. Bergmann*, of Berrien Springs, Michigan, for the appellant.

*Tim S. McClain*, General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Alice M. Szynklewski*, all of Washington, D.C., for the appellee.

Before GREENE, *Chief Judge*, and MOORMAN and LANCE, *Judges*.

LANCE,[1] *Judge*: The appellant, Donald R. Dennis, through counsel, seeks review of an October 24, 2003, decision of the Board of Veterans' Appeals (Board) that denied entitlement to VA benefits on the basis of his discharge status. Record (R.) at 1-9. Both parties filed initial briefs and the appellant filed a reply brief. In addition, the parties provided supplemental memoranda of law pursuant to the Court's order. This appeal is timely, and the Court has jurisdiction pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). For the reasons set forth below, the Court will vacate the Board's October 2003 decision and remand the matter for further proceedings consistent with this opinion.

## I. FACTS

Mr. Dennis served on active duty in the U.S. Marine Corps from June 1968 to October 1969. R. at 10. At the time of his discharge, he had been accused of being absent from an appointed place

---

[1]This matter was originally assigned to Judge Steinberg. Upon his retirement, the matter was reassigned on August 31, 2005. This panel was convened on December 7, 2005.

of duty on post as a sentry in a combat area, sleeping on post as a sentry in a combat area, and possession of marijuana. R. at 19, 52. After being advised of his rights, he requested an "undesirable discharge for the good of the service to escape trial by general court-martial," which the Marine Corps granted. R. at 16-20, 42, 52. Mr. Dennis's DD Form 214 characterized his discharge as "under conditions other than honorable." R. at 38.

In September 1977, the Department of Defense Special Discharge Review Program (SDRP) upgraded his discharge and issued him a revised DD Form 214 that characterized his upgraded discharge as "under honorable conditions." R. at 39, 42. In June 1978, the Department of the Navy reviewed Mr. Dennis's discharge and notified him:

> Another review of your discharge has been completed by the Naval Discharge Review Board as required by Public Law 95-126. As a result of this review, the Board has made a preliminary determination that you would not qualify for upgrading under the new, uniform standards for discharge review. The character of discharge, General or Honorable, that you received from the previous review under the [SDRP] has not been changed.

R. at 46. In July 1979, Mr. Dennis requested that the Department of the Navy upgrade his discharge to honorable, but, upon review, the Navy found that his "discharge should not be changed." R. at 54. In addition, the record contains an undated VA Form 3230 "Referral Slip" from the Director of the Compensation and Pension Service, which provides:

> This is a special upgraded discharge case reviewed under [Public Law] 95-126. The upgrade was DENIED upon second review and entitlement to VA benefits is dependent on the original discharge. The language of the attached second review is ambiguous therefore this flash should remain with this document in the claims folder.

R. at 126.

In December 1980, Mr. Dennis applied for educational benefits. R. at 73-74. In March 1981, VA denied his claim because the law states that "an honorable or general discharge awarded under the Department of Defense's [SDRP] . . . does not remove any bar to benefits." R. at 74; *see also* 38 C.F.R. § 3.12(h)(2) (2006). VA thus concluded that the nature of Mr. Dennis's discharge or release from service precluded him from receiving benefits. R. at 74.

In March 2002, Mr. Dennis filed an income and net worth statement, which VA construed as a claim for pension benefits. R. at 86-90, 92. A VA regional office (RO) issued a decision in

which it denied his claim pursuant to Public Law 95-126 and "on a previous administrative decision dated March 6, 1981[,] which denied [him] benefits due to an undesirable character of discharge." R. at 92. Mr. Dennis filed a timely Notice of Disagreement asserting that he was entitled to receive benefits because his discharge status had been changed by the SDRP in 1977, and he attached a copy of his revised DD Form 214. R. at 95.

In October 2003, the Board issued the decision here on appeal in which it found that the character of Mr. Dennis's discharge from service was a bar to eligibility to VA benefits. R. at 1-7. Further, the Board found that, although the Secretary failed to comply with his notice obligations pursuant to the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, 114 Stat. 2096, such error was not prejudicial because Mr. Dennis was not entitled to VA benefits as a matter of law. R. at 6. In so doing, the Board also determined that the appellant was not insane at the time of the commission of the offenses that led to the appellant's discharge.

On appeal, the appellant argues that the Secretary failed to comply with the VCAA and that such error was not harmless. Appellant's Brief (App. Br.) at 7-14. Mr. Dennis thus requests that the Court remand his claim for readjudication. App. Br. at 14.


## II. ANALYSIS

Pursuant to the VCAA, upon receipt of a complete or substantially complete application for benefits and prior to an initial unfavorable decision on a claim by an agency of original jurisdiction, the Secretary is required to inform the claimant of the information and evidence not of record that (1) is necessary to substantiate the claim, (2) the Secretary will seek to obtain, if any, and (3) the claimant is expected to provide, if any, and to request that the claimant provide any evidence in his possession that pertains to the claim. *See* 38 U.S.C. § 5103(a); *Pelegrini v. Principi*, 18 Vet.App. 112, 119, 121 (2004); *Quartuccio v. Principi*, 16 Vet.App. 183, 187 (2002); 38 C.F.R. § 3.159(b) (2006). Further, in *Dingess v. Nicholson*, the Court held that the VCAA applies "generally to all five elements of a claim for service connection." 19 Vet.App. 473, 487 (2006); *see also D'Amico v. West*, 209 F.3d 1322, 1327 (Fed. Cir. 2000) (noting that the five elements of a claim consist of (1) veteran status; (2) existence of a disability; (3) service connection of the disability; (4) degree of disability; and (5) effective date of the disability).

Acceptance of an undesirable discharge to escape trial by general court-martial is considered a discharge or release "under dishonorable conditions." 38 C.F.R. § 3.12(d)(1). Such a discharge generally "is a bar to the payment of benefits." 38 C.F.R. § 3.12(b). Further, an honorable or general discharge awarded under the Department of Defense's SDRP generally "does not remove any bar to benefits." 38 C.F.R. § 3.12(h). Notwithstanding such bar to benefits, a claimant may still be eligible for benefits

> if it is established to the satisfaction of the Secretary that, at the time of the commission of an offense leading to a person's court-martial, discharge, or resignation, that person was insane, such a person shall not be precluded from benefits under laws administered by the Secretary based upon the period of service from which such person was separated.

38 U.S.C. § 5303(b); *see* 38 C.F.R. § 3.12(b) (a discharge under dishonorable conditions "is a bar to the payment of benefits unless it is found that the person was insane at the time of committing the offense causing such discharge").

The appellant filed his claim in March 2002. R. at 86. The RO issued its decision on May 1, 2002. The appellant was not provided VCAA notice prior to the adjudication of his claim, or at any time thereafter. *See Mayfield v. Nicholson*, 444 F.3d 1328, 1333 (Fed. Cir. 2006) ("What the statute and regulation require is that the claimant be given the required information prior to the VA's decision on the claim."); *Dingess*, 19 Vet.App. at 487. No notice, ipso facto, cannot be good notice. *Cf. Mayfield*, 444 F.3d at 1333 (holding that the duty to notify cannot be satisfied with various documents not issued pursuant to the VCAA). Accordingly, the Court agrees with the Board's finding that the Secretary erred in failing to provide VCAA-compliant notice.

The Court must now determine whether the error, as determined by the Board, was prejudicial. *See Overton v. Nicholson*, 20 Vet.App. 427, 433 (2006) (citing *Conway v. Principi*, 353 F.3d 1369, 1374-75 (Fed. Cir. 2004)). Because there is no documentation in the record resembling notice as to the appellant's veteran status, nor evidence to demonstrate that the appellant had an awareness of the information and evidence necessary to substantiate a claim for benefits, the Court is not convinced that the appellant was able to meaningfully participate in the adjudication of his claim. *See Overton*, 20 Vet.App. at 443-44. However, the Board is correct that if Mr. Dennis

4

was not insane at the time that he committed the offenses leading to his discharge, he would be barred from eligibility for benefits.

The insanity exception is warranted "if it is established to the satisfaction of the Secretary that, at the time of the commission of an offense leading to a person's . . . discharge . . . that person was insane." 38 U.S.C. § 5303(b). Here, the Board found that the appellant's service records did not indicate that he was insane at the time that he committed the acts leading to his discharge. Thus, the Board, acting on behalf of the Secretary and in accordance with the statute and regulation, implicitly determined that the insanity exception was not applicable.

The Board's determination whether a claimant was insane at the time of commission of the offenses for which he or she was ultimately discharged is a question of fact that the Court reviews under the "clearly erroneous" standard of review. 38 U.S.C. § 7261(a)(4); *see Stringham v. Brown,* 8 Vet.App. 445, 448-49 (1995) (citing *Cropper v. Brown*, 6 Vet.App. 450, 454 (1994)). "'A finding [of fact] is "clearly erroneous" when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Gilbert v. Derwinski*, 1 Vet.App. 49, 52 (1990) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

As with all of its findings and conclusions, including those concerning the VCAA, the Board is required to include in its decision a written statement of the reasons or bases on all material issues of fact and law presented on the record; that statement must be adequate to enable an appellant to understand the precise basis for the Board's decision, as well as to facilitate informed review in this Court. *See* 38 U.S.C. § 7104(d)(1); *Allday v. Brown*, 7 Vet.App. 517, 527 (1995); *Gilbert*, 1 Vet.App. at 56-57. To comply with this requirement, the Board must analyze the credibility and probative value of the evidence, account for the evidence that it finds persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. *See Caluza v. Brown*, 7 Vet.App. 498, 506 (1995), *aff'd per curiam*, 78 F.3d 604 (Fed. Cir. 1996) (table); *Gilbert*, 1 Vet.App. at 57.

In determining that Mr. Dennis "was not insane" at the time that he committed the offenses leading to his discharge, the Board failed to discuss any specific facts or evidence that led to that conclusion. The Court has long held that merely listing the evidence before stating a conclusion

does not constitute an adequate statement of reasons or bases. *Abernathy v. Principi*, 3 Vet.App. 461, 465 (1992). Accordingly, the Court holds that the Board's reasons or bases were insufficient with respect to its determination that the appellant was not insane at the time of the commission of the offenses that led to his discharge. *See Allday* and *Gilbert*, both *supra*. Because the Court is unable to determine the precise factual basis for the Board's finding that the insanity exception was not applicable, the Court cannot conclude that the notice error in this case was nonprejudicial. Accordingly, a remand is required to correct that error and to provide VCAA-compliant notice.

## III.  CONCLUSION

Based on the foregoing analysis, the appellant's and the Secretary's briefs, and a review of the record on appeal, the Board's October 24, 2003, decision is VACATED and the matter is REMANDED for further development and readjudication consistent with this opinion.