Citation Nr: 1714115 
Decision Date: 04/28/17 Archive Date: 05/05/17

DOCKET NO. 10-32 369 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office in St. Petersburg, Florida


THE ISSUE

Whether the character of the appellant's service is a bar to VA benefits, including a VA home loan guaranty.

REPRESENTATION

Appellant represented by: 


ATTORNEY FOR THE BOARD

Dan Brook, Counsel







INTRODUCTION

The appellant served from May 1980 to October 1983. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a decision by the Department of Veterans Affairs (VA) Regional Office (RO) in St. Petersburg, Florida.


FINDING OF FACT

The weight of the evidence indicates that the appellant's discharge from service was due to willful and persistent misconduct.


CONCLUSION OF LAW

The character of the appellant's discharge is a bar to the payment of VA benefits for his period of service. 38 U.S.C.A. §§ 101 (2), 5303(b) (West 2014); 38 C.F.R. §§ 3.1, 3.12 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Due Process

No further notice or development action is necessary in order to satisfy VA's duties to the appellant under the Veteran's Claims Assistance Act (VCAA). In a September 2008 letter issued prior to the initial decision on the claim, the RO advised the appellant that, given the character of his discharge, a determination regarding his veteran status was necessary prior to adjudicating the merits of his claim for VA compensation. The appellant was advised of the applicable legal criteria as well as the information and evidence necessary to support his claim. Given the nature of the question at issue in this case, the Board finds that VA's duty to notify has been satisfied. 38 U.S.C.A. § 5103 (a); 38 C.F.R. § 3.159 (b)(1); see also Dennis v. Nicholson, 21 Vet. App. 18 (2007) (discussing VA's notification duties in a character of discharge determination). Also, through his assertions, the appellant has shown that he generally understands that the pertinent question in this case is whether he was discharged from service due to willful and persistent misconduct. Consequently, given this "actual knowledge" and given that he has not alleged any prejudice in regard to the notice provided, VA has reasonably satisfied its notice responsibilities. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009); Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

With respect to VA's duty to assist, the record shows that VA has undertaken all necessary development. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. Relevant service personnel records are on file, and the RO has confirmed the nature and reasons behind the appellant's discharge. Also, pursuant to the remand, the RO appropriately attempted to determine whether VA had made a previously positive determination of the character of the appellant's discharge in conjunction with its earlier award of a loan guaranty to the appellant in 1993. There is no indication of outstanding pertinent records. 38 U.S.C.A. § 5103A (c); 38 C.F.R. § 3.159 (c)(2)-(3). Thus, no further notification or development action is necessary. 

II. Analysis

A person seeking VA benefits must first establish that they have attained the status of veteran. Holmes v. Brown, 10 Vet. App. 38, 40 (1997). The term "veteran" means a person who served in the active military, naval, or air service and who was discharged or released under conditions other than dishonorable. 38 C.F.R. § 3.1 (d). Thus, VA benefits are generally not payable unless the period of service upon which the claim is based was terminated by discharge or release under conditions other than dishonorable. 38 U.S.C.A. § 5303; 38 C.F.R. § 3.129 (a).

A discharge from military service because of willful and persistent misconduct, including a discharge under other than honorable conditions, is considered to have been issued under dishonorable conditions. 38 C.F.R. § 3.12(d)(4). An act is willful misconduct where it involves deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of its probable consequences. Mere technical violation of police regulations or ordinances will not, per se, constitute willful misconduct. 38 C.F.R. § 3.1(n). Discharge because of a minor offense will also not be considered willful and persistent misconduct. 38 C.F.R. § 3.12(d)(4).

The standard of proof to be applied in decisions on claims for veterans' benefits is set forth in 38 U.S.C.A. § 5107 (West 2002). A claimant is entitled to the benefit of the doubt when there is an approximate balance of positive and negative evidence. See also 38 C.F.R. § 3.102. When a claimant seeks benefits and the evidence is in relative equipoise, the claimant prevails. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). The preponderance of the evidence must be against the claim for benefits to be denied. See Alemany v. Brown, 9 Vet. App. 518 (1996).

At the outset, the Board notes that the appellant was awarded a prior VA loan guaranty in 1993. As it was not clear whether this award was predicated on a VA finding that the appellant's character of discharge did not bar him from receiving this award, the previous remand instructed the RO to attempt to determine whether any such finding was made. To date, there is no indication that VA did make any such determination; rather, it appears VA simply awarded the loan guaranty without any consideration that the character of the appellant's discharge might bar him from receiving this benefit. Thus, in the absence of any indication of a previous favorable determination concerning the character of the appellant's discharge, the Board will proceed to determine the appropriate characterization under the controlling regulations. 

In this case, the appellant's DD-214 shows that he received a discharge under other than honorable conditions. The narrative reason for his separation is listed as "Misconduct-Drug Abuse." The appellant's service personnel records show that he was subject to a number of disciplinary actions involving non-judicial punishment. In October 1980, at Camp Pendleton, California, he was found to have wrongfully possessed a bag of marijuana. As a result, he forfeited $224 in pay, was restricted to the limits of the base for 30 days and was given extra duties for 30 days. He did not appeal. In March 1982, the appellant was found to have wrongfully possessed 25.9 grams of marijuana, also at Camp Pendleton. In addition, at that same time, he was also found to have wrongfully possessed a flare gun and 3 flare rounds. As a result, he was restricted to the confines of his unit for 30 days and forfeited one half of one month's pay. Additionally, he received a 30 day suspended sentence, reducing his rank to Lance Corporal from Corporal. On March 21, 1983, the appellant was found to be absent from his appointed place of duty from 0730 to 1210. As a result, his rank was reduced to Lance Corporal. The appellant appealed this punishment but the appeal was denied.

In June 1983, the appellant's commanding officer recommended that he be discharged from service due to a pattern of misconduct and drug abuse. In findings relating to the proposed discharge, a Marine Corps legal officer noted that the appellant had been a continuous problem for the Marine Corps judicial system. His flagrant disregard for rules and his proclivity toward drug abuse had made him an unsatisfactory Marine. The legal officer also noted that the appellant had been counseled on March 28, 1983 about his conduct and informed that failure to improve might result in an administrative discharge. Soon thereafter, in April 1983, he was identified as a THC user (apparently on the basis of a positive urinalysis). The appellant's case subsequently went before an administrative discharge review board. In August 1983, the discharge review board recommended that the appellant be discharged on the general basis of misconduct and the specific basis of drug abuse and a pattern of misconduct. The discharge review board recommended that the character of the discharge be under conditions other than honorable. Based on the recommendation of the discharge review board, the appellant was in fact discharged in October 1983 under conditions other than honorable due to misconduct-drug abuse.

Review of the above summarized evidence shows that the appellant was found to have committed at least 4 punishable offenses from October 1980 to March 1983. Also, the Board must consider all of these offenses as significant (i.e. not minor). In this regard, two of these offenses involved possession of marijuana. Such possession, along with being a violation of military regulations, would have constituted a criminal offense (not a mere technical violation of police rules) had the appellant been a civilian. Additionally, the possession of the flare gun, with accompanying flares, in an off duty context, also may not be considered minor, as the gun with accompanying flares could potentially have been used as a weapon and the flares, by themselves, presumably presented some risk of flammability. Further, the appellant not reporting for duty in March 1983 is by definition a significant offense, as always being present for duty (unless there is an excused absence) is a fundamental part of military service. See e.g. Cropper v. Brown, 6 Vet. App. 450, 452, 453 (1994) (noting that offenses that preclude the performance of military duties, such as unauthorized absence and failure to go to the appointed place of duty, are by definition not minor offenses). Moreover, the April 1983 statement from the legal officer indicates that even after being punished for his previous offenses and being counseled that his conduct could result in an administrative discharge, the appellant continued using THC (i.e. marijuana), a prohibited and illegal substance. 

The appellant has reported that his problems in the military stemmed from his immaturity, not from any desire not to be a good Marine. He has described his actions as not intentional or willful but of a spontaneous, negligent, isolated and infrequent nature. He has also noted that he received significant positive recognition during service, including at least 2 Meritorious Mast awards and a Letter of Appreciation. 

The appellant did enter service just before his 18th birthday so his report of his negative actions stemming from his immaturity is understandable. However, there is no indication that the appellant was unaware that he was breaking military rules when possessing and using marijuana, possessing the flare gun with flares or not appropriately reporting for duty. Also, at minimum, he should have known that these offenses were not minor infractions and could lead to significant punishment, given that marijuana use was not only prohibited by the Marine Corps but was also illegal, and given that a flare gun with flares was a potentially dangerous instrumentality that should not have been carried for non-duty purposes. Additionally, the appellant clearly would have known that he was not permitted to skip duty and would be subject to punishment for doing so, as reporting for duty is a fundamental element of military service. In short, regardless of the appellant's level of maturity during service, the Board must view these actions as "willful misconduct" (i.e. involving deliberate or intentional wrongdoing with knowledge of or wanton and reckless disregard of the probable consequences). Moreover, given that none of offenses cannot be considered minor; given that the appellant was viewed by his superiors as having a been a continuous problem for the Marine Corps judicial system; and given that the evidence indicates that he was still continuing to use a prohibited substance (i.e. marijuana) approximately 2 1/2 years after initially being found with this substance and punished for possessing it, the weight of the evidence indicates that the willful misconduct was persistent in nature and formed the basis for the appellant's discharge from the Marines. 38 C.F.R. § 3.12(d). 

The appellant did receive a number of awards, including Meritorious Masts and a Letter of Appreciation. These awards clearly indicate that he provided positive contributions to the Marine Corps. Unfortunately, they do not change the basis for his discharge, which as explained was willful and persistent misconduct under the controlling regulations. 38 C.F.R. § 3.1(n). Thus, as the Board is bound to follow the controlling authority, it must find that the appellant's discharge was under dishonorable conditions and that he is barred from receiving VA benefits, including VA loan guaranty benefits. 38 C.F.R. § 3.12(d)(4). 

Although not raised in this case, the character of the appellant's discharge would not bar basic eligibility for health care benefits derived from any service-connected disability that might stem from his period of service. See 38 C.F.R. § 3.360. The Board notes that actual enrollment in the VA health care system is determined by an appellant's priority category. See 38 C.F.R. § 17.36. 



ORDER

The character of the appellant's service is a bar to VA benefits, including a VA home loan guaranty, but does not bar basic eligibility to VA health care. 



____________________________________________
KELLI A. KORDICH
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs